UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY TUCKER,

    Plaintiff,

v.                                                                                                  Case No. 8:21-cv-1251-KKM-CPT

FLORIDA DEPARTMENT OF
REVENUE, PENNSYLVANIA
CHILD SUPPORT, STATE OF NEW
YORK CHILD SUPPORT.

    Defendants.
_____

## ORDER

On November 3, 2021, the United States Magistrate Judge entered a Report and Recommendation, recommending that Plaintiff Gregory Tucker's Motion to Proceed In Forma Pauperis (Doc. 2) be denied and his complaint (Doc. 1) be dismissed for a variety of reasons, including lack of subject matter jurisdiction. (Doc. 3.) The fourteen-day deadline for Tucker to object to the Magistrate Judge's Report and Recommendation has passed without him lodging an objection. Considering the record, the Court accepts and adopts the Report and Recommendation for the reasons stated therein (Doc. 3); denies Tucker's Motion to Proceed In Forma Pauperis (Doc. 2); and dismisses Tucker's complaint (Doc. 1).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, the Court adopts the Report and Recommendation. Tucker's complaint does not meet the pleading requirements of Federal Rules of Civil Procedure 8 and 10 because it is a shotgun pleading in multiple respects. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Tucker fails to break his claims into separate counts with each claim "founded on a separate transaction or occurrence." *Id.* He also fails to meaningfully "specify[] which of the defendants the claim is brought against." *Id.* at 1323. Further and more troubling, it is unclear from Tucker's complaint whether this Court has subject matter jurisdiction under either federal question or diversity jurisdiction. And, as the Magistrate Judge notes, Tucker's complaint also appears due to be dismissed

under the domestic relations exception because it involves court-ordered child support and would require inquiry into the marital or parent-child relationship. *See Moussignac v. Ga. Dep't of Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) ("[F]ederal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." (quoting *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988))). Finally, Tucker's complaint appears to be barred by the Eleventh Amendment because none of the exceptions to sovereign immunity appear to apply. *See Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003).

Accordingly, it is now **ORDERED**:

(1) The **Report and Recommendation** (Doc. 3) is **ACCEPTED** and **ADOPTED** and made a part of this Order for all purposes, including appellate review.

(2) Tucker's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

(3) Tucker's complaint (Doc. 1) is **DISMISSED** without prejudice.

(4) Within fourteen (14) days of this order—so by **December 8, 2021**—Tucker may choose to file (a) an amended complaint that complies with the pleading requirements set forth in the Federal Rules of Civil Procedure and that corrects the deficiencies identified herein; and (b) a renewed motion to proceed in forma

3

pauperis. Failure to comply with these directives will result in dismissal of this case without further notice.

**ORDERED** in Tampa, Florida, on November 24, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge